IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER ALLEN TREADWAY, JR.,     : | |
|     Plaintiff,                                    : | |
|                                                       : | |
| v.                                                  : | CIVIL ACTION NO. 25-CV-2800 |
|                                                       : | |
| DOC PENNSYLVANIA, *et al.*,        : | |
|     Defendants.                             : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                    **JULY   8, 2025**

Currently before the Court is a Complaint filed by Plaintiff Peter Allen Treadway, Jr. that is best understood as claiming that his convictions and related imprisonment are constitutionally infirm. Treadway seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Treadway leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I.     **FACTUAL ALLEGATIONS**[1]

After a 2011 trial in the Chester County Court of Common Pleas, Treadway was found guilty "of forty-six counts related to his long-term sexual abuse of his minor stepdaughter" and was ultimately sentenced as a sexually violent predator to one-hundred to two-hundred years of imprisonment. *Treadway v. Zaken*, No. 18-2599, 2020 WL 7329230, at *1 (E.D. Pa. Nov. 23, 2020), *report and recommendation adopted sub nom. Treadway v. Giulmore*, 2020 WL 7319547 (E.D. Pa. Dec. 11, 2020); *see also Commonwealth v. Treadway*, CP-15-CR-0001794-2010 (C.P.

---

[1] The following allegations are taken from the Complaint and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Chester). His judgment of sentence was affirmed by the Pennsylvania Superior Court, *Commonwealth v. Treadway*, 104 A.3d 597, 598 (Pa. Super. Ct. 2014), and his post-conviction petition was unsuccessful, *Commonwealth v. Treadway*, No. 1361 EDA 2016, 2017 WL 2838448, at *1 (Pa. Super. Ct. July 3, 2017).

Treadway continued to file motions in his criminal case and, in 2018, filed a petition for a writ of *habeas corpus* in federal court, in connection with which he was appointed counsel. *See Treadway*, 2020 WL 7329230, at *2. Treadway's *habeas* petition was denied, and the United States Court of Appeals for the Third Circuit declined to issue a certificate of appealability. *Treadway v. Superintendent Greene SCI*, No. 21-1045, 2021 WL 6424464, at *1 (3d Cir. Sept. 2, 2021) ("The District Court denied Treadway's claims as meritless. Jurists of reason would not debate the District Court's decision."). During the pendency of that petition and since its resolution, Treadway has continued to attack his convictions and imprisonment using various approaches in state and federal court, all without success. *See, e.g.*, *In Re: Treadway*, 3d Cir. No. 24-2342 (Sept. 6, 2024 order denying leave to file a second or successive petition); *In Re: Treadway*, 3d Cir. No. 22-1818 (Nov. 3, 2022 order denying leave to file a second or successive petition); *Treadway v. W. Chester, Chester Cnty., PA*, No. 20-1306, 2020 WL 3265178, at *2 (E.D. Pa. June 17, 2020) (dismissing civil rights claims in part challenging Treadway's convictions without prejudice to him challenging those convictions in his then-pending *habeas* proceeding); *see also Commonwealth v. Treadway*, 329 A.3d 625, 2024 WL 4502922, at *1 (Pa. Super. Ct. 2024) ("Peter Allen Treadway . . . appeals pro se from the order entered by the Chester County Court of Common Pleas . . . denying his petition for habeas corpus. Because we find Treadway's brief significantly fails to conform to the Pennsylvania Rules of Appellate Procedure, we quash this appeal"); *Treadway v. Dir. of DOC*, No. 72 C.D. 2019, 2019 WL

3936293, at *1 (Pa. Commw. Ct. Aug. 20, 2019) (affirming the dismissal of Treadway's complaint "seeking the vacation of his judgment of sentence and requesting his immediate release from prison based on a claim that his 'sentencing paperwork' – his judgment of sentence – did not comply with state law and/or certain Pennsylvania Department of Corrections (DOC) requirements").

Against this background, Treadway filed the instant lawsuit pursuant to 42 U.S.C. § 1983. ("Compl.," ECF No. 3, at 1-3.) His Complaint is difficult to read and often hard to follow. To the extent the Complaint can be understood, it is best construed as raising constitutional challenges to Treadway's Chester County convictions and sentence. A comparison of the Complaint to the legal proceedings detailed above reveals many similarities between Treadway's current Complaint and his myriad prior attacks on his convictions. Treadway seeks millions of dollars in damages, declaratory judgment, and release from prison because of "malicious prosecution." (*Id.* at 31, 39.)

## II.  STANDARD OF REVIEW

The Court grants Treadway leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] However, as Treadway is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Treadway is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Treadway's claims are not plausible because they are not cognizable in a § 1983 action. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Indeed, as explained to Treadway upon the dismissal of one of his prior lawsuits, "to the extent [he] seeks release based on alleged flaws in his conviction, including his actual innocence, his claims are not cognizable . . . because 'when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

corpus.'"  *Treadway*, 2020 WL 3265178, at *2 (quoting *Preiser v. Rodrieguez*, 411 U.S. 475, 500 (1973)).

A corollary of this principle is that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Heck*, 512 U.S. at 487 (emphasis in original).  Indeed, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983."  *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

Treadway's malicious prosecution claims and other constitutional challenges to his convictions are precisely the type of allegations that would invalidate a conviction and necessarily imply its invalidity.  *See, e.g.*, *McDonough v. Smith*, 588 U.S. 109, 118 (2019) (*Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."); *Nash v. Kenney*, No. 19-

5

1256, 2019 WL 4071946, at *2 (3d Cir. Aug. 29, 2019) (*per curiam*) ("Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detention—are barred by the favorable-termination rule of [*Heck*]."). Since Treadway's conviction and sentence have not been invalidated or called into question at this time, the Court must dismiss his claims as implausible.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Treadway leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to Treadway filing a new civil rights complaint **only in the event his convictions are reversed, vacated, or otherwise invalidated**. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

                                                  **BY THE COURT:**

                                                  /s/ Michael M. Baylson

                                                  **MICHAEL M. BAYLSON, J.**

---

[3] Further, to the extent Treadway is challenging searches in connection with the criminal investigation against him prior to his trial, (*see* Compl. at 6-11), those claims have long been time-barred. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."). In the event that Treadway's Complaint could be understood to be raising any other claims that are neither time-barred nor *Heck*-barred, those claims nevertheless fail as implausibly pled.